

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-29-2003

# USA v. Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1625

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Johnson" (2003). *2003 Decisions.* Paper 339.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/339

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 02-1625
_____

UNITED STATES OF AMERICA

v.

DOUGLAS JOHNSON,

Appellant
_____

On Appeal From the United States District Court
for the Middle District of Pennsylvania

District Court Judge: The Honorable Thomas I. Vanaskie
(D.C. Criminal No. 00-cr-59)


_____


Submitted Under Third Circuit L.A.R. 34.1(a)
July 10, 2003

Before: NYGAARD, SMITH, <u>Circuit Judges,</u>
and IRENAS,* <u>District Judge</u>.

(Opinion Filed:   July 29, 2003)
_____
_____

OPINION OF THE COURT
_____


_____
        *Honorable Joseph E. Irenas, Senior United States District Judge for the District of
New Jersey, sitting by designation.

SMITH, <u>Circuit Judge</u>:

## I.    INTRODUCTION

Appellant Douglas Johnson was indicted for one count of interstate transport of a stolen motor vehicle, in violation of 18 U.S.C. § 2312, and one count of transport of a minor in interstate commerce with intent to engage in sexual activity, in violation of 18 U.S.C. § 2423. Johnson pleaded guilty to Count 1 of the indictment, pursuant to a plea agreement, and was sentenced to 100 months imprisonment. On appeal, Johnson argues that the District Court erred in enforcing the plea agreement and refusing to permit Johnson to withdraw his guilty plea, and in departing upward from the applicable Sentencing Guidelines range. We agree with the District Court that Johnson's plea agreement is enforceable and that, pursuant to the agreement, Johnson waived his right to appeal his sentence. Therefore, we will affirm the District Court's denial of Johnson's motion to withdraw his guilty plea, and dismiss Johnson's appeal of his sentence for lack of jurisdiction.

## II.    FACTS AND PROCEDURAL HISTORY

Because we write only for the parties, who are familiar with the facts of this case, we recite only those facts relevant to the disposition of this appeal. Johnson was indicted for stealing a truck in Central Pennsylvania and driving it to California, as well as for transporting a female minor across state lines for the purposes of engaging in sexual activity under circumstances that would violate Pennsylvania law.

2

On the eve of trial, Johnson entered into a plea agreement in which he agreed to plead guilty to Count 1 of the indictment, interstate transport of a stolen motor vehicle. Pursuant to the plea agreement,

> the parties agree[d] to recommend as follows:
> A. An upward departure to an offense level [of] 24 and criminal history category 6 is appropriate. The resultant guideline range is imprisonment for a term of 100 to 125 months.
> B. The Government will recommend imprisonment for a term of 100 months.

The plea agreement noted Johnson's understanding that "none of these recommendations are binding upon either the Court or the United States Probation Office." In addition, the plea agreement stated that Johnson could not withdraw his guilty plea simply because the Court imposed a sentence with which he was dissatisfied, or because the Court declined to follow any of the recommendations contained in the plea agreement. Finally, Johnson waived his right to appeal his sentence. The agreement noted that

> [t]he defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal any sentence imposed within the statutory maximum, or the manner in which that sentence was determined, on the grounds set forth in Title 18, United States Code, Section 3742, or any other grounds.

The parties deleted the following provision from the plea agreement by striking it out and initialing it:

> At the sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the defendant's background, character, and conduct including the conduct that is the subject of the charges which the

3

United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this agreement.

At the guilty plea hearing, the Assistant U.S. Attorney reiterated the key terms of the plea agreement, namely: (1) the parties jointly agreed to recommend that an upward departure is appropriate, and that the government would recommend a 100 month sentence; and (2) Johnson waived his right to appeal in the plea agreement. Johnson confirmed that he had listened to the Assistant U.S. Attorney's statements, and responded that [the plea agreement] "is a recommendation, but we'll go by whatever the Court does." During his colloquy with the Court, Johnson acknowledged that he had reached an agreement with the government regarding his criminal history category and the appropriate Sentencing Guidelines range. The Court also noted that "I understand that you've waived your right to appeal your conviction and sentence," and Johnson responded in the affirmative.

Johnson appeared for sentencing on January 31, 2002. At that hearing, the government informed the Court that, just that day, it had received a letter indicating that Johnson was prepared to go on the record as denying that he ever had sexual relations with the victim. The government acknowledged that it had been "advised that whether or not this is a contested fact does not affect the guideline calculation in this case." Consequently, the government noted that the Court need not hold a fact-finding hearing on that issue. Counsel for the defense agreed that whether Johnson had engaged in sexual

4

relations with the victim "was not a factor in increasing the guideline" range. Nevertheless, defense counsel argued that the Court should either "reject[] the plea agreement, or in the alternative, reject[] the recommendation [contained in the plea agreement] for the upward departure."

The essence of defense counsel's argument seemed to be a belief that, although his client had agreed to the terms of the plea agreement, the 100-125 month Guidelines range agreed upon in the plea agreement was improperly predicated on Johnson's alleged misconduct with the victim. Counsel asserted that the Court should reject the plea agreement because any consideration of Johnson's alleged misconduct with the victim constituted a violation of the plea agreement by the government, entitling Johnson to withdraw his plea. In the alternative, counsel argued that even if the District Court did not reject the plea agreement, any upward departure, which would result in a sentence of between 100 and 125 months, would result in a "tremendously disproportionate" sentence. He also claimed that there was "no legal basis" for an upward departure, because, aside from the plea agreement, Johnson did not have notice of the reason for the departure.

The District Court responded as follows:

> [T]he plea agreement didn't need to specify the reasons for that upward departure, at the time, because it seemed it was an agreed-upon matter.
> I will tell you that free from the plea agreement itself, and if I have to give you notice, we'll adjourn this proceeding and we'll bring you back after you've had an opportunity to be prepared to respond to it, but I think

5

Mr. Johnson's criminal history seriously understates the severity of his criminal record, even though he's at the highest level. It certainly doesn't, in my judgment, provide any confidence as to the likelihood that he will not commit another crime, in fact, I think it seriously understates that fact, given his record.

And independent of the plea agreement itself, I would depart upward, on the basis of that factor or I'd consider it. So I'm prepared to adjourn this sentencing proceeding, give you formal notification that I consider an upward departure in the guideline range on that ground appropriate, in addition to any other arguments the government wants to make, with respect to appropriateness of the upward departure.

If the Government wants to ask me to consider departing upward on the issue of whether the relevant conduct included sex with a 14-year-old, and if the Government wants to put on evidence, then, the Government will have the opportunity to do that. I will not consider that, without evidence being presented.

Following this statement by the Court, Johnson requested additional time to prepare a response to whether an upward departure was warranted because his criminal history category seriously under-represented the seriousness of his prior criminal record. The Court agreed, and postponed Johnson's sentencing. When defense counsel asked the government whether it intended to ask for an upward departure "on the basis of the [female minor] issue," the government responded that it would "be asking for an upward departure on the basis of the plea agreement." The government was not certain whether it would present testimony by the victim, but agreed to give the defense seven days notice if it intended to present evidence on that question.

At the sentencing proceeding on February 26, 2002, the Court heard arguments on the withdrawal of plea issue. Defense counsel asserted that, under contract law principles, the Court had discretion to allow the withdrawal of a plea agreement where the

6

other party has breached. Specifically, counsel argued that the government's "bringing up the other conduct involving the minor was a violation of the plea agreement because their ability to do that was taken out when paragraph 14 was eliminated from the agreement at the time of the plea." The government asserted that it had not brought the defendant's misconduct with the victim into the case. Noting that the sexual misconduct with the victim "is a matter which the Court, independent of the parties, has statutory authority to consider," the government asserted that it had "not breached the plea agreement in that respect and therefore there would be no grounds for Mr. Johnson to withdraw his plea.

The Court then reviewed the transcript of the January 31, 2002 proceeding to determine whether the government had breached the plea agreement by indicating that one basis for the upward enhancement was Johnson's conduct with a minor. The Court determined that there was "no basis for concluding that the government breached the plea agreement at the proceeding," and that therefore, Johnson should not be allowed to withdraw from the plea agreement on that ground. Defense counsel presented no other arguments in support of withdrawal of the plea. The victim was in court on the sentencing date, and the government indicated that she was prepared to testify if the Court wished. However, the government reiterated on the record that Johnson's conduct with the victim was not a basis for the government's sentencing recommendation. The Court proceeded to impose a sentence of 100 months without hearing the testimony of the victim.

## III. JURISDICTION

The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 to review Johnson's appeal of the District Court's denial of Johnson's request to withdraw his guilty plea. We lack jurisdiction to hear the merits of Johnson's appeal regarding the length of his sentence.

## IV. STANDARD OF REVIEW

Whether the government's conduct violated the terms of the plea agreement is a question of law and our review is plenary. *United States v. Moscahlaidis*, 868 F.2d 1357, 1360 (3d Cir. 1989). We examine the legality of the waiver provision in Johnson's plea agreement de novo. *United States v. Khattak*, 273 F.3d 557, 560 (3d Cir. 2001).

## V. ANALYSIS

### A. *The District Court's refusal to permit Johnson to withdraw his guilty plea was proper*

Johnson contends that the District Court erred in denying his request to withdraw his guilty plea, asserting that the government breached the plea agreement by urging the Court to consider conduct relating to Johnson's interactions with the minor victim. If the government breaches a plea agreement, the case must be remanded either for resentencing or withdrawal of the defendant's guilty plea. *Moscahlaidis*, 868 F.2d at 1360 (citing *Santobello v. New York*, 404 U.S. 257 (1971). Upon review of the record, we conclude that the government did not improperly urge the Court to consider Johnson's conduct with the victim.

The government's statement on January 31, 2002 that it had received a letter indicating that Johnson was prepared to deny having had sexual relations with the victim did not constitute a breach. The government explicitly stated that any conduct by Johnson with the victim did not affect the Guidelines calculation, and defense counsel agreed. At that hearing, the District Court explicitly stated that it would not depart upward on the basis of Johnson's alleged relations with the victim unless the government presented evidence on that issue. The government never presented evidence on that issue. The government clearly stated that it was basing its request for an upward departure on the language of the plea agreement itself, and also on the defendant's prior criminal record. We are satisfied that the government did not breach the plea agreement, and that the District Court properly accepted and enforced that agreement.[1]

---

[1] Although he concurs in the judgment, Judge Irenas emphasizes his dissatisfaction with the procedure followed by the District Court. It is clear that the parties agreed to a substantial upward departure in the plea agreement, but the basis for that upward departure is murky. The parties did not consider U.S.S.G. § 4A1.3, which deals with the adequacy of the defendant's criminal history category, although the District Court indicated that a departure under that provision might be appropriate. However, the 100 month sentence agreed to in the plea agreement was significantly larger than the 15-21 months Johnson would have received for Count I alone (assuming he received credit for acceptance of responsibility).

Judge Irenas concedes that it is entirely possible that Johnson decided to enter into the plea agreement because he could eliminate a large risk on Count II by accepting an increased sentence on Count I. By having Count II dismissed, Johnson also avoided being subject to Megan's Law registration. But because one of the primary motivations for the Sentencing Guidelines was to promote truth in sentencing, Judge Irenas believes that a plea agreement which provides for a substantial upward or downward departure from a sentencing range which would apply to the facts admitted by the defendant in his plea colloquy should set forth with specificity the basis for the departure. Because most

9

**B.** *Johnson's waiver of his right to appeal deprives this Court of jurisdiction to review the length of his sentence*

Having decided that the plea agreement is enforceable and that Johnson did not have a right to withdraw his plea, we lack jurisdiction to consider whether the District Court abused its discretion in departing upward when sentencing Johnson. It is undisputed that Johnson's plea agreement contains a waiver of his right to appeal his sentence. "Waivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice." *Khattak*, 273 F.3d at 563. At sentencing, the District Court fully complied with Federal Rule of Criminal Procedure 11 and determined that Johnson's plea was entered into knowingly and voluntarily. Having reviewed the record, we find no evidence of injustice in Johnson's sentencing. Because Johnson has not proven that his plea was not knowing or voluntary or that the waiver worked an injustice, we find that the waiver-of-appeal is valid, and that we lack jurisdiction to review the length of Johnson's sentence. Accordingly, we will dismiss this portion of the appeal and affirm the judgment of the District Court.

## VI. CONCLUSION

For the foregoing reasons, the judgment of the District Court will be affirmed.

---

plea agreements provide that sentencing recommendations or agreements by the parties are not binding on the court, a clear statement of the reasons for a proposed departure would assist the district court in making a decision with respect to acceptance of the plea agreement and the imposition of an appropriate sentence.

TO THE CLERK:

     Please file the foregoing Opinion.

                          By the Court:


                          <u>/s/ D. Brooks Smith</u>
                          Circuit Judge

Date: July 29, 2003